IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03102 — WJM — MJW

VICKI CLARK,

   Plaintiff,

vs.

HOME DEPOT U.S.A., INC,

   Defendant.

**JURY DEMANDED**

---

## STIPULATED PROTECTIVE ORDER (Docket No. 28-1)

---

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that medical records, financial records, employment records, social security numbers, military records, educational records, proprietary information, trade secrets or other confidential research, development or commercial information of the parties that is disclosed in the course of the above-captioned lawsuit ("Lawsuit"), and the information contained in said records, is confidential ("CONFIDENTIAL INFORMATION"), and the parties will follow the procedures set forth in this Stipulated Protective Order ("Protective Order") with respect to disclosure of information, documents or things in this Lawsuit, as follows:

1. **Designating Other Confidential Information.**

  a) As used in this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing described herein or that a

party (the "Designating Party") furnishes in this Lawsuit and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) - 1(d) below;

b) A party may designate its disclosures, answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena *duces tecum*, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Protective Order.

c) In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a label stating the same to the outside of the medium, such as the CD-ROM or DVD, or container.

d) To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty (30) days after the deposition transcript is delivered to the Designated Party, provide to all counsel written notice identifying the specific pages and lines of testimony of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period. The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees,

except in accordance with the terms of this Protective Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

e) Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

i.) does not constitute medical records or information, financial records or information, employment records or information, social security numbers, military or educational records or information;

ii.) does not constitute proprietary information, a trade secret or other confidential research, development, or commercial information.

iii.) is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party, and was not acquired from the Designating Party; or

iv.) has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

2. Dissemination and Disclosure

a) CONFIDENTIAL INFORMATION shall not be disclosed to any person other than:
i.) the attorneys for the Recipient Party in this Lawsuit, paralegal and clerical staff who are assisting in the Lawsuit;

ii.) the Recipient Party and officers, directors, and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

iii.) court reporters, court officials, and the jury involved in this Lawsuit;

iv.) experts, consultants and investigators and their staff who are retained by a party for purposes of relating to this Lawsuit and who have executed a Confidentiality Agreement in the form attached as Exhibit A; and

v.) any other non-party witnesses or deponents who have executed a Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this Lawsuit and for no other purposes, including for any other Lawsuit, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's counsel for as long as that information is maintained. Any non-party recipient of CONFIDENTIAL INFORMATION shall sign a non-disclosure statement in the form attached hereto as Exhibit "A" (which shall be disclosed in a timely manner to all parties), and shall maintain such information in a secure and safe area carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL

INFORMATION.

b) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this Lawsuit. All such copies or reproductions shall be subject to the terms of this Protective Order.

c) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(f) above, such CONFIDENTIAL INFORMATION shall be accessible to, or disseminated to, such person after they have executed a Protective Order in the form attached as Exhibit A, unless the Court rules otherwise.

3. **Non-Waiver.**

This Protective Order shall not be deemed a waiver of:

a) any party's right to object to discovery on the basis that additional protection is required with respect to specific discovery, or from seeking and obtaining, on appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designated hereunder or herein as confidential, or from providing by stipulation exceptions to this Order;

b) any party's right to seek an order compelling discovery with respect to any discovery request; or

c) any party's right at any proceeding herein to object to the relevance, admissibility or discoverability of any evidence on any ground or to seek further orders setting the conditions under which any such evidence may be received into evidence.

   d)   any party's right to mark and use as trial exhibits protected documents or things, if otherwise admissible and properly disclosed, subject to the terms and conditions, if any, as imposed by the court.

   e)   the privacy, if any, or confidentiality, if any, of the material or information produced by the plaintiff in this case pursuant to this protective order or obtained by the utilization of release authorizations executed by the plaintiff.

4. **Use in Depositions.**

   Material designated as CONFIDENTIAL may be used at a deposition if: (1) counsel for the party offering the same gives notice of said use three (3) days prior to said deposition; and (a) counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes the Confidentiality Agreement in the form of Exhibit A. If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain agreement of Designating Party or leave from the Court before disclosing the material to the witness.

5. **Use in Brief and as Exhibits.**

   If any document containing CONFIDENTIAL INFORMATION produced in this Lawsuit is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this Lawsuit, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under [Restricted Access] ~~seal~~ in accordance with the Electronic Case Filing Procedures for the District of Colorado (Civil Cases), Section VI, for a paper filed electronically, ~~or~~ [And] in accordance with D.C.COLO.L.CivR 7.2, for a paper filed by other means,

*[handwritten margin note: MJW 3-11-15]*

subject to the Court procedures.

6. **Application of this Confidentiality Order.**

a) This Protective Order shall apply to all disclosure documents, discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this Lawsuit that contain CONFIDENTIAL INFORMATION.

b) Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

7. **Confidentiality Challenge.**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion [consistent with D.C.Colo.LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. **Confidential Information at Trial.**

If a party anticipates that confidential information will be presented at trial as evidence, the party anticipating such use shall provide counsel for the other party reasonable advance notice of such anticipation, thus giving the other party the opportunity before the trial to seek a ruling from the Court as to how the issue of the confidentiality of the Documents shall be handled at trial, and the parties shall obey any ruling made by the Court regarding the use of Confidential materials at trial.

9. **Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of the Protective Order regarding other uses of that CONFIDENTIAL INFORMATION.

*[handwritten margin note: MJW 3/11/15]*

10. **Modification.**

*[handwritten: which is Approved by The Court]*

This Protective Order may be modified only by stipulation of the parties, or by Order of the Court.

11. **Non-Parties**.

A non-party who produces any information, documents or things in this Lawsuit that it wishes to be treated as CONFIDENTIAL may become a party to the Protective Order, by signing a copy of it and giving prompt notice to all other parties in this case, but doing so shall not entitle

the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party. A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this Lawsuit pursuant to the terms of this Protective Order.

12. **Document Storage.**

Counsel for the parties to whom material classified as Confidential has been produced shall employ reasonable measures, consistent with this Agreed Protective Order, to control access to all Confidential materials, the duplication of such materials, and access to such copies.

13. **Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy, as set forth in more detail below, all CONFIDENTIAL INFORMATION, along with any extracts, summaries, descriptions, or copies of the same (with the exception of attorney work product) whether in hard copy or stored in an electronic magnetic medium, the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within thirty (30) days of final disposition of this Lawsuit, except that counsel for the parties may retain copies of court filings containing said CONFIDENTIAL INFORMATION provided that such will be held for their internal use only, subject to the continuing obligations imposed by this Agreed Order. If so, said CONFIDENTIAL INFORMATION remains CONFIDENTIAL and strictly subject to the terms of this Protective Order. With respect to CONFIDENTIAL INFORMATION provided to non-parties during the pendency of the case, the party providing these confidential documents agrees to have them returned to the providing party after final disposition of this case, whereafter these confidential documents are then subject to being returned or destroyed pursuant to the terms of this section. In the alternative, the non-party in possession of the CONFIDENTIAL

INFORMATION may confirm in writing, which writing shall be disclosed in a timely manner to all parties, that the CONFIDENTIAL INFORMATION has been destroyed pursuant to the terms of this section.

Confidential Documents kept in hard copy (paper) form, including both originals and copies, shall be returned to the party producing the Confidential Documents or destroyed by shredding them. Confidential Documents that are stored on a CD/DVD format or other similar format that does not allow for permanent deletion of the Confidential Documents, shall be returned to the party producing the Confidential Documents. No option for destruction exists for Confidential Documents that are stored on a CD/DVD format or other similar format that does not allow for permanent deletion of the Confidential Documents. Confidential Documents contained in email correspondence or transmitted by email correspondence, will be deleted and erased from all computer folders, including the inbox, sent items, and deleted items folders. Confidential Documents stored on a computer's internal hard drive will be deleted and erased and initially transferred to the computer's trash folder. Once it is confirmed that the Confidential Documents have been deleted and erased from all internal hard drive files and transferred to the computer's trash folder, those documents shall then be permanently deleted and erased from the trash folder. Confidential Documents stored on flash drives or other similar external hard drives will be deleted and erased from the external storage media and transferred to the computer's trash folder. Once it is confirmed that the Confidential Documents have been deleted and erased from the external storage media and transferred to the computer's trash folder, those documents shall then be permanently deleted and erased from the trash folder.

All persons who have been privy to CONFIDENTIAL INFORMATION shall be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public.

14. **Breaches.**

If counsel for either party believes in good faith that CONFIDENTIAL INFORMATION have been disclosed in violation of this Protective Order or any non-disclosure statement, and if the identity of the violator cannot be determined, then the Court may conduct an in-camera inspection for the purpose of determining the identity of any expert or other person who may have committed such violation, and may determine, from testimony or affidavits signed under penalty of perjury, whether a violation occurred. If the Court finds that a violation occurred, then it may order disclosure of the identity of the person who committed the violation, to permit the party whose CONFIDENTIAL INFORMATION was disclosed to pursue any legal and equitable relief to which it may be entitled as a result of the violation.

SO ORDERED This 11TH Day of March 2015.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**APPROVED:**

GAMA LAW FIRM, LLC

By: _____
Richard Gama
393 Corona Street, #544
Denver, CO 80218
*Attorney for Plaintiff*

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

By: */s/ Arthur K. Smith*
    Arthur K. Smith
    507 Prestige Circle
    Allen, TX 75002

*Attorney for Defendant Home Depot U.S.A., Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03102

| | |
|---|---|
| VICKIE CLARK, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| HOME DEPOT U.S.A., INC., | § |
| | § |
| Defendant. | § |

## STATEMENT

1.     I have read, am familiar with, and agree to be bound by the terms of the Stipulated Protective Order, entered by the above-named Court on and pertaining to the above-captioned case.

2.     I agree that any court having jurisdiction over the above referenced matter may enforce over my person the terms of the above-referenced protective order and I hereby waive any objections to the Court's ability over my person to enforce the terms of the above-referenced order.

3.     I understand that if I violate the terms of the above-referenced order, I can be held in contempt of court.

4.     I agree only to make such copies or notes concerning CONFIDENTIAL INFORMATION marked or designated as "confidential" in the Stipulated Protective Order as are reasonably necessary to enable me to provide my assistance in this litigation. If any such

copies or notes still exist upon completion of this litigation, I will return them as provided in the Protective Order.

5. I will not reveal the contents of CONFIDENTIAL INFORMATION to any person or entity other than those persons to whom disclosure is authorized under the terms of the above-referenced order.

6. I will not use CONFIDENTIAL INFORMATION for business or competitive purposes, or for any purpose other than the prosecution or defense of this action, unless otherwise authorized by a subsequent order of the Court.

DATED this _____ day of _____, 2015.

_____
Signature

_____
Printed Name

_____
Address

_____
Phone Number